IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-cv-21025-KMW

**JAISY TRUJILLO**, and others
similarly-situated

 **Plaintiffs,**

**NTHRIVE REVENUE SYSTEMS, LLC,**

 **Defendant.**
_____/

## DEFENDANT'S AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

 Defendant, NTHRIVE REVENUE SYSTEMS, LLC ("Defendant" or "NThrive"), by and through its undersigned counsel, hereby files and serves upon Plaintiff JAISY TRUJILLO and others similarly-situated ("Plaintiff"), its Amended Answer and Defenses to Plaintiff's Complaint. Defendant responds to Plaintiff's claims as follows:

### JURISDICTIONAL ALLEGATIONS

 1. Defendant admits that this civil action purports to be an action to recover money damages for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), but denies liability, denies that Plaintiff is entitled to any damages whatsoever, and denies all remaining allegations within Paragraph 1.

 2. Defendant admits upon information and belief that Plaintiff seeks damages in excess of $15,000.00, but denies liability, denies that Plaintiff is entitled to any damages whatsoever, and denies all remaining allegations within Paragraph 2.

## VENUE

3. Defendant admits that venue is appropriate in this removed action, but denies that any unlawful events occurred within this district.

4. Defendant is without knowledge as to the allegations in Paragraph 4, and therefore denies them.

5. Defendant admits that it is a foreign corporation that does business in Miami-Dade County, Florida, and engages in interstate commerce. Defendant is without knowledge to respond to the remaining allegations in Paragraph 5; to the extent a response is required, such allegations are denied.

6. Defendant admits that it engages in interstate commerce and that its gross revenue exceeds $500,000 per annum. The remaining allegations within Paragraph 6 constitute legal conclusions as to which no response is required; to the extent a response is required, such allegations are denied.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits that it is an enterprise that engages in interstate commerce. The remaining allegations within Paragraph 9 constitute legal conclusions as to which no response is required; to the extent a response is required, such allegations are denied.

10. Defendant admits the allegations in Paragraph 10.

## PLAINTIFF'S EMPLOYMENT

11. Defendant admits that Plaintiff's employment ended on approximately August 16, 2017, was paid an hourly wage of $23.75 at the time her employment concluded, and occasionally worked more than forty hours in a week. The remaining allegations in Paragraph 11 are denied.

### COUNT I – UNPAID OVERTIME WAGE CLAIM AGAINST NTHRIVE REVENUE SYSTEMS, LLC

12. Defendant re-alleges and adopts the responses to Paragraphs 1-11 as though fully set forth herein.

13. Defendant admits that Plaintiff's hourly wage was $23.75 at the time her employment concluded, and that Plaintiff occasionally worked more than forty hours in a week. The remaining allegations in Paragraph 13 are denied.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant admits Plaintiff has retained The Law Office of Eddy O. Marban to represent her in this matter. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 18, and therefore denies them.

Answering the WHEREFORE clause following Count I of the Complaint, Defendant denies that Plaintiff is entitled to any legal, equitable, or other relief.

### JURY DEMAND

Defendant admits that Plaintiff requests a jury trial for all issues so triable, but denies liability, and denies that Plaintiff is entitled to any damages whatsoever.

Each and every allegation of Plaintiff's Complaint not specifically admitted or denied is hereby denied.

### DEFENSES AND AFFIRMATIVE DEFENSES

#### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part to the extent the exemptions, exclusions, exceptions, or credits provided in Section 7 and/or Section 13 of FLSA, 29 U.S.C. §§ 207 and 213 apply to her claims.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part to the extent any relief is sought beyond the two-year limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

## FOURTH DEFENSE

Plaintiff's claims are barred in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### SIXTH DEFENSE

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curet lex*.

### EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that Plaintiff's own conduct resulted in her not being paid for all hours worked or otherwise compensated in accordance with the FLSA.

### NINTH DEFENSE

Defendant had no knowledge of, nor should it have had knowledge of, any alleged uncompensated overtime work by Plaintiff or any persons allegedly "similarly situated" to her, and Defendant did not authorize, require, request, suffer or permit such activity by Plaintiff or any persons allegedly "similarly situated" to her.

### TENTH DEFENSE

Plaintiff cannot satisfy the requirements to maintain a collective action under the FLSA. Moreover, to the extent permitted by law, Plaintiff waived any right to serve in the capacity of a class or collective action representative or to otherwise participate in a class or collective action.

### ELEVENTH DEFENSE

Plaintiff acknowledged that she had been paid all wages to which she was entitled upon her separation from employment.

Defendant reserves the right to modify and supplement its affirmative defenses and to plead additional affirmative defenses which may become apparent through discovery.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint and asserted Defenses thereto, request that the instant action be dismissed with prejudice in its entirety and that Defendant be awarded its costs, including reasonable attorney's fees.

Respectfully Submitted,

FISHER & PHILLIPS LLP

*s/Christine Howard*
Christine Howard, Esq.
Florida Bar No.: 87229
choward@fisherphillips.com
Michael S. Bohling, Esq.
Florida Bar No.: 1002274
mbohling@fisherphillips.com
101 E. Kennedy Blvd.
Suite 2350
Tampa, FL 33602
Telephone:     (813) 769-7500
Facsimile:     (813) 769-7501

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March, 2018, I electronically filed the foregoing with the Clerk of Court of the United States District Court for the Southern District of Florida, Miami Division, and served a copy electronically and by Regular U.S. Mail upon counsel for Plaintiff, at the following addresses:

Eddy O. Marban
The Law Office of Eddy O. Marban
2655 S. LeJeuna Rd., Suite 804
Coral Gables, FL 33134
em@eddymarbanlaw.com
Attorneys for Plaintiff

*/s/ Christine Howard*
Christine Howard, Esq.